J. A10043/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WHITEACRE FUNDING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SARA W. ROSENBERG, | : | |
| TRUSTEE OF THE | : | |
| DOUGLAS ROSENBERG 2004 TRUST | : | |
| U/A/D APRIL 2, 2004 | : | |
| | : | |
| APPEAL OF:  SARA W. ROSENBERG, | : | No. 3131 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment Entered August 31, 2016,
in the Court of Common Pleas of Montgomery County
Civil Division at No. 15-06100

BEFORE:  DUBOW, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 03, 2017**

Sara W. Rosenberg, trustee of the Douglas Rosenberg 2004 trust, appeals the judgment of the Court of Common Pleas of Montgomery County that granted the motion for summary judgment of Whiteacre Funding, LLC and entered judgment in mortgage foreclosure in favor of appellee and against appellant in the amount of $2,232,872.68.  After careful review, we affirm.

The record reflects that appellant is married to Maury Rosenberg. Appellant and her husband purchased property at 277 Broughton Lane, Villanova, Pennsylvania 19085 ("the Property").  In 2004, appellant and her

husband created a trust for the benefit of their son, Douglas Rosenberg. Appellant was named the trustee of the trust. The Property on Broughton Lane was transferred by deed dated September 19, 2003 and recorded January 22, 2004 with the Montgomery County Recorder of Deeds from appellant and Maury Rosenberg to appellant as Trustee.

On December 6, 2013, appellant made, executed, and delivered to Woodbridge Mortgage Investment Fund I, LLC ("Woodbridge"), a promissory note in the amount of $1,350,000 and a mortgage for the Property. (Complaint in mortgage foreclosure ("Complaint"), 3/19/15 at 3-4 ¶¶ 3-6.) On September 18, 2014, Woodbridge assigned to appellee its interest in the loan documents as well as any rights, claims, demands, and causes of action related to the promissory note. (Complaint, at 4-5 ¶¶ 9-11.) Also, on September 18, 2014, Woodbridge executed an assignment of mortgage and security agreement in favor of appellee which was recorded on October 15, 2014, with the Montgomery County Recorder of Deeds. (Complaint, at 5 ¶ 12.) On October 7, 2014, appellee sent a notice of default to appellant. (Complaint, at 6 ¶ 14.)

Additional relevant facts, as recounted by the trial court, are as follows:

> On March 19, 2015, [a]ppellee filed this action in Mortgage Foreclosure seeking recovery of $1,557,870.380 [sic] plus fees and charges based upon a promissory note secured by a mortgage. Appellant had executed a promissory note to Woodbridge Mortgage Investment Fund LLC in the

amount of $1,350,000.00. At the closing for this Mortgage, Sara Rosenberg signed various documents, including a document which . . . indicated she understood that the property on which the mortgage was placed was a commercial property, and that certain protections and obligations which are required for residential properties were not applicable. Woodbridge assigned its interests in the loan documents to [a]ppellee. Appellant was represented by counsel at the closing.

Appellant has admitted that she "made, delivered and executed" the Promissory Note which was secured by the Mortgage at issue. Appellant has also admittedly failed to make the required payments on the mortgage. Based upon this default, this foreclosure lawsuit was initiated. After the pleadings were closed, and discovery was completed, [a]ppellee filed a Motion for Summary Judgment, which was granted on July 5, 2016.

Pursuant to the Order granting Summary Judgment, the required hearing for the assessment of damages was held on August 28, 2016. At this hearing, [a]ppellant's counsel informed the Court the only issue remaining concerning damages was attorney's fees, and the other claims were not being contested. Appellee presented the testimony of Joseph Hughis, who ran the origination side of Woodbridge Investments. Mr. Hughis testified as to the amounts owed under the loan, including attorney's fees which were to be assessed pursuant to the loan documents. Mr. Hughis identified the Promissory Note, for the loan at issue, and read into the record Section 5.2 which provides that, upon default on the loan, the lender "may also recover all costs of suit and other reasonable expenses in connection therewith, including attorney's fees to the maximum amount pursuant to the statute, together with interest." Appellant argued that testimony was needed to show the attorney's fees were reasonable. Appellee's counsel, Brett Berman, then testified as to the rates charged and the work done by the Fox Rothschild Firm in bringing this mortgage foreclosure

lawsuit. Mr. Berman further testified that the work done was necessary and the rates charged were reasonable. The outstanding attorney's fees totaled $96,346.81, plus additional amounts in unbilled fees of $5,282.50. Including these fees, the total amount owed by [a]ppellants [sic] was testified to be $2,136,525.87.

On August 29, 2016, this Court entered judgment in the amount of $2,232,872.68. This Order was docketed on August 31, 2016. On September 30, 2016, [appellant] filed a Notice of Appeal of the Order docketed August 31, 2016.

Trial court opinion, 11/21/16 at 2-4.

On appeal, appellant raises the following issues for this court's review:

1. Did the [trial] court err in relying upon an Affidavit of Joseph Hughis attached to [appellee's] Motion for Summary Judgment since Hughis'[s] association with [appellee] does not appear anywhere in the record, Hughis does not aver that his statements were made upon "personal knowledge" and his affidavit violates the **Nanty-Glo**[1] doctrine?

2. Did the [trial] court err in failing to find that there was a genuine issue of material fact in the allegations asserted by [appellant] in her Affidavit, pleadings, discovery responses and attached exhibits?

3. Did the [trial] court err in relying upon the testimony of Joseph Hughis at the assessment of damages hearing to calculate the amount of damages sustained by [appellee] when he failed to testify that he had any connection between [appellee] and Woodbridge ([appellee's] transferor of the mortgage)?

---

[1] **Borough of Nanty-Glo v. Am. Sur. Co. of New York**, 163 A. 523 (Pa. 1932).

Appellant's brief at 4 (footnotes omitted).

This court reviews a grant of summary judgment under the following well-settled standards:

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.
>
> [O]n appeal from a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party. With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion. Judicial discretion requires

> action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.
>
> ***Gutteridge v. A.P. Green Services, Inc.***, 804 A.2d 650, 651 (Pa.Super. 2002).

***Wright v. Allied Signal, Inc.***, 963 A.2d 511, 514 (Pa.Super. 2008) (citation omitted). Summary judgment in mortgage foreclosure actions is subject to the same rules as any other civil action. ***See*** Pa.R.C.P. 1141(b).

Initially, appellant contends that the trial court erred when it relied upon an affidavit of Joseph Hughis ("Hughis") attached to appellee's motion for summary judgment since Hughis's association with appellee does not appear anywhere in the record, Hughis does not aver that his statements were made upon personal knowledge, and the affidavit is testimonial and violates the ***Nanty-Glo*** doctrine.

Appellee asserts that any issues concerning the affidavit of Hughis are waived because appellant could have raised the issue of Hughis's personal knowledge in her response to appellee's motion for summary judgment but failed to do so.

When a party does not present an argument to the trial court that an affidavit was not based on personal knowledge, the argument is waived and an appellate court may not consider it for the first time on appeal. ***Bollinger v. Palmerton Area Communities Endeavor, Inc.***, 361 A.2d 676, 680 n.10 (Pa.Super. 1976).

Here, a review of the record reveals that appellant did not raise this issue before the trial court. Consequently, it is waived.

Appellant next contends that the allegations asserted by her in her affidavit and attached exhibits, pleadings, and discovery responses established that there was a genuine issue of material fact, such that the trial court committed either an error of law or an abuse of discretion when it granted the motion for summary judgment. Appellant asserts that the mortgage on the Property was residential and not commercial and that the original lender, Woodbridge, did not provide a Notice of Rescission to appellant as required by the Truth in Lending Act ("Act"), 15 U.S.C.A. §§ 1601-1666j. Under Section 1635(f) of the Act, 15 U.S.C.A. § 1635(f), borrowers in a consumer credit transaction are permitted the right to rescind the transaction for three years after the date of consummation of the transaction. Under Section 1635(b) of the Act, 15 U.S.C. § 1635(b), when an obligor exercises his right to rescind, he is not liable for any finance or other charge, and any security interest given by the obligor becomes void upon such a rescission.

Appellant asserts that it is uncontroverted that she never received a notice of rescission from either Woodbridge or appellee and that she gave appellee a notice of rescission on July 9, 2015. Appellant acknowledges that the rescission only applies if the mortgage transaction is a consumer or residential transaction. Appellant asserts that her affidavit and her discovery

responses clearly establish a genuine issue of material fact which should have precluded a grant of summary judgment. Specifically, appellant argues that she established an issue of material fact as to whether the mortgage was commercial or residential. She asserts that she indicated in her affidavit and in answers to interrogatories that the prior mortgages on the Property were residential, appellant and her husband continued to live at the Property, and a uniform residential appraisal report was performed at the request of Riverdale Funding. Appellant also stated in her affidavit that after she executed the property affidavit which indicated that the mortgage was for a commercial mortgage and not a personal purpose, she contacted Ken Vesely ("Vesely") and Hughis and they agreed to change the affidavit to confirm that the loan was for a residential mortgage. She also asserted in her answers to interrogatories that the property affidavit was for a commercial loan transaction that never took place. Due to a problem with the copier, appellant did not receive copies of any of the documents that she signed at settlement except for the settlement sheet. To summarize appellant's position, she argues that there is an issue of material fact as to whether she agreed that the loan was a commercial loan.

With respect to this issue, the trial court stated:

> [T]the evidence in this case clearly shows that [a]ppellant was made aware in a clear and easily comprehensible manner that a commercial loan was being made, that the mortgage was being issued for a commercial property and that neither she nor her family members could occupy the premises without

> paying a commercially reasonable rent. This document also states that the protections upon which [a]ppellant now seeks to rely were not available to her. Appellant admits that she signed this document. Her arguments as to why the foreclosure is not warranted are not sufficient to rebut [a]ppellee's right to relief.

Trial court opinion, 11/21/16 at 5 n.1 (citation omitted).

A trial court has the authority to disregard an affidavit, submitted in opposition to a motion for summary judgment that directly contradicts a fact of record. **Stephens v. Paris Cleaners**, **Inc.**, 885 A.2d 59, 65 (Pa.Super. 2005).

Here, appellant attempted to defeat the motion for summary judgment on the basis that the loan was a residential loan and she could exercise her right of rescission. In her affidavit, she admitted that she signed the property affidavit which indicated that she was executing a commercial loan but avers that she did not realize at the time that she signed it when she actually intended the loan to be residential. She further avers that she contacted Hughis and Vesely to tell them that she did not intend to agree to a commercial mortgage. According to appellant, Hughis and Vesely agreed to change the affidavit to reflect that the loan was residential, but no change was made.

There was clear evidence of record, the commercial loan affidavit, that appellant was made aware that the loan was for commercial purposes and that she and/or her family could not reside at the premises without paying

rent.  Appellant admitted that she had signed the affidavit.  Further, the record also reflects that appellant was represented by counsel at that time. This court determines that the trial court did not err or abuse its discretion when it determined that the commercial loan affidavit was the best evidence of the intent of the parties and the subsequent affidavit executed by appellant was insufficient to create a clear issue of material fact.

Appellant next contends that the trial court erred when it relied upon Hughis's testimony at the assessment of damages hearing to calculate the amount of damages when he failed to identify his connection with appellee and whether there was a connection between Woodbridge and appellee other than the assignment of the note and mortgage instruments.  Appellant asserts that Exhibits P-2 through P-5[2] cannot be admitted as business records of appellee under the Uniform Business Records as Evidence Act, 42 Pa.C.S.A. § 6108(b), or under the business records exception to the hearsay rule, Pa.R.E. 803(6).

At the hearing Hughis testified that he ran the "origination side of Riverdale Funding, also known as Woodbridge Investments."  (Notes of testimony, 8/26/16 at 7.)  Hughis testified as to the amount of the loan and that the loan was secured by the Property.  (*Id.*)  He also testified as to the

---

[2] Exhibits P-2, P-3, and P-4 contained spread sheets of payments. Exhibit P-5 is a check from Woodbridge for the payment of taxes.

terms of the loan and the fact that appellant was in default. (***Id.*** at 8.) Hughis testified as to the amount of taxes, insurance, interest, and attorney fees for the calculation of damages.

As the individual who ran the origination side of Woodbridge, Hughis would be familiar with or have knowledge of Exhibit P-1 which contained the December 6, 2013 promissory note executed by appellant in connection with the mortgage loan with Woodbridge. Exhibit P-2 was a summary of amounts accrued including interest, insurance, and taxes as of the date of the hearing. Exhibit P-3 was a summary of attorney fees and costs paid and accrued in connection with the default. Exhibit P-4 was a listing of insurance payments paid for the property. Exhibit P-5 was a check for property taxes paid by Woodbridge Group of Companies, LLC, to the Montgomery County Tax Claim Bureau for the Property. Hughis, as the individual in charge of originating loans, would be familiar with the note contained in Exhibit P-1. Similarly, even though the mortgage was assigned to appellee, it appears that Woodbridge continued to arrange for the payment of insurance (Exhibit P-4) and taxes. Exhibit P-5 was a check executed well after the assignment of the mortgage to appellee for the property taxes. This check was executed by Woodbridge. Similarly, Hughis testified that Exhibit P-3 lists attorney fees paid by Woodbridge. (Notes of testimony, 8/26/16 at 11.) While it is true that the record does not clearly set forth why Woodbridge continued to make these payments, the recorded assignment of mortgage

and security agreement indicates that the two entities operate from the same office in Sherman Oaks, California. In his affidavit attached to the motion for summary judgment, Hughis asserted that appellee was a loan servicer that receives loan assignments from Woodbridge. (Affidavit of Joseph Hughis in support of motion for summary judgment, 4/28/16, at 2 ¶ 14.)

At any rate, in order to satisfy the requirements of the business records requirements in the statute and in the Pennsylvania Rules of Evidence, it is not necessary that the person authenticating the document have personal knowledge. The individual must have sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness. *See Boyle v. Steiman*, 631 A.2d 1025, 1032 (Pa.Super. 1993). Hughis met this requirement. This court cannot accept appellant's conclusion that the trial court erred when it accepted the testimony of Hughis and the related exhibits.

Appellee complied with the requirements of Rule 1147(a) of the Pennsylvania Rules of Civil Procedure when it set forth in its complaint the parties to the mortgage, any assignments of the mortgage, a description of the land, the names and addresses of the appellants, an averment of default, an itemized statement of the amount due, and demand for judgment of the amount due. Appellant admitted these facts or denied them based on the notice of rescission, which the trial court did not accept based

J. A10043/17

on the statement that the transaction was a commercial loan. As there is no dispute regarding the material facts at issue, the trial court did not err when it granted summary judgment.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/2017